**NOT FOR PUBLICATION**

In the

United States Court of Appeals

For the Eleventh Circuit

————————————

No. 24-10600

————————————

RLI INSURANCE COMPANY,

*Plaintiff-Appellant,*

*versus*

JOHN LEHMAN,
ALICIA LEHMAN,

*Defendants-Appellees.*

————————————

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 5:22-cv-00478-JSM-PRL

————————————

Before WILLIAM PRYOR, Chief Judge, BRANCH, and ABUDU, Circuit Judges.

BRANCH, Circuit Judge:

Umbrella insurance policies provide additional coverage beyond what any underlying insurance policies provide. Because

umbrella insurance provides additional protection, policy holders are typically required to maintain a certain amount of underlying insurance and to exhaust their underlying policy limits before they can collect on their umbrella policy.

The plaintiff in this case, RLI Insurance Company ("RLI"), provided umbrella insurance to John and Alicia Lehman. After John Lehman suffered injuries in a car accident, the Lehmans filed claims with their underlying insurers and RLI. RLI denied the Lehmans' claim because, in its view, the Lehmans failed to maintain the minimum amount of underlying insurance the RLI policy required and to exhaust their underlying policy limits.

RLI sued the Lehmans seeking a declaratory judgment that it did not owe the Lehmans coverage under the RLI policy for the relevant accident. RLI moved for summary judgment, but the district court determined that the Lehmans maintained enough underlying coverage and exhausted their underlying policies. So the district court *sua sponte* entered summary judgment for the Lehmans.

RLI appealed the district court's denial of its summary judgment motion and grant of summary judgment to the Lehmans. After careful review and with the benefit of oral argument, we vacate and remand with instructions to enter summary judgment in RLI's favor because the Lehmans did not exhaust their underlying policy limits.

## I.    Background

John Lehman purchased an umbrella insurance policy from RLI that provided coverage from February 22, 2022, to February 22, 2023.  John Lehman was the named insured in the RLI policy, with his wife Alicia Lehman covered as a relative of the named insured.  In April 2022, John Lehman was in a car accident while driving his Dodge truck in Citrus County, Florida.  He suffered significant spinal injuries that required multiple surgeries and an extended hospital stay.  As a result, the Lehmans incurred costs in excess of $900,000.

At the time of the accident, the Lehmans held three insurance policies that are relevant here.  First, they held an auto insurance policy with Mapfre Insurance Company.  The Mapfre policy provided uninsured/underinsured motorist ("UM") insurance with a $200,000 limit.  Second, they held another auto insurance policy with Philadelphia Indemnity Insurance Company with a $500,000 UM insurance limit.  And finally, the Lehmans had umbrella insurance through the RLI policy.  The RLI policy applies only if "[t]he policy limits of any and all Underlying Insurance have been exhausted by payment of judgments or settlements" and the Lehmans "maintain [UM] Coverage at limits equal to or greater than [$250,000]."

After the accident, the Lehmans filed claims with each insurance provider.  Mapfre provided coverage and paid the Lehmans $200,000, the Mapfre policy's UM limit.  Philadelphia denied the Lehmans coverage because it determined that the

4                    Opinion of the Court                24-10600

Philadelphia policy did not cover accidents in the Dodge truck. RLI also denied the Lehmans coverage because it found the Lehmans did not maintain the required $250,000 of underlying UM insurance. RLI acknowledged that the Mapfre policy provided $200,000 of coverage, but because Philadelphia denied the Lehmans' claim, it determined that they fell short of the $250,000 minimum.

Then RLI initiated this case seeking a declaratory judgment that the RLI policy does not cover the Lehmans' claims arising out of the accident.[1] In its complaint, RLI relied on Philadelphia's disclaimer of coverage and the Lehmans' failure to maintain the required amount of underlying UM insurance. So, RLI clarified, the RLI policy "will only apply if and when Philadelphia reverses its disclaimer of coverage, should this ever occur."

While this case was pending at the district court, Philadelphia reversed its disclaimer of coverage and settled the Lehmans' UM claim under the Philadelphia policy for $50,001.

RLI moved for summary judgment, which the district court denied. The district court then *sua sponte* granted summary judgment to the Lehmans because after the Philadelphia settlement, "the Lehmans ha[d] . . . been paid $250,001 in primary [UM] benefits from Mapfre and Philadelphia," so they exhausted their required underlying UM coverage.

---

[1] RLI filed its complaint in the Middle District of Florida as a diversity jurisdiction case.

RLI appealed.

## II.    Standard of Review

"[W]e review a grant of summary judgment *de novo*." *Stanley v. City of Sanford*, 83 F.4th 1333, 1337 (11th Cir. 2023), *aff'd,* 606 U.S. 46 (2025).  An order granting summary judgment "is proper if . . . there is no genuine dispute about any material fact and the [prevailing party] is entitled to judgment as a matter of law." *Id.*  "We view the summary judgment record in the light most favorable to the [nonprevailing] party, and we draw all reasonable inferences in favor of the [nonprevailing] party."[2]  *Id.*

"[W]hen considering a diversity case under state law, we are bound to decide the case the way it appears the state's highest court would."  *Towne Realty, Inc. v. Safeco Ins. Co. of Am.*, 854 F.2d 1264, 1269 n.5 (11th Cir. 1988).  While decisions from a state's highest court are the strongest authority to rely on in applying state law, "[f]ederal courts sitting in diversity are 'bound to adhere to decisions of [a state's] intermediate appellate courts, absent some persuasive indication that the state's highest court would decide the issue otherwise.'" *Winn-Dixie Stores, Inc. v. Dolgencorp, LLC*, 746 F.3d 1008, 1025 (11th Cir. 2014) (quoting *Studstill v. Borg Warner Leasing*, 806 F.2d 1005, 1007 (11th Cir.1986)).

---

[2] Because the district court granted summary judgment to the Lehmans *sua sponte*, we use the terms "prevailing" and "nonprevailing" party rather than "moving" and "nonmoving" party.  *Blanco v. Samuel*, 91 F.4th 1061, 1066 n.1 (11th Cir. 2024).

### III.    Discussion

RLI argues that the Lehmans are not entitled to collect on their umbrella insurance policy because they failed to maintain $250,000 of underlying UM coverage and failed to exhaust their underlying UM policy limits, which the RLI policy required. Specifically, RLI argues that the Lehmans did not exhaust the Philadelphia policy's $500,000 UM limit when they settled with Philadelphia for $50,001.[3] The Lehmans contend that the coverage they received from Mapfre and their settlement with Philadelphia proves that they maintained more than enough underlying insurance and exhausted those underlying policies' limits.  We agree with RLI that the Lehmans did not exhaust their underlying insurance policies' limits, so we do not reach whether they maintained sufficient underlying insurance coverage.

The RLI policy applies only if "[t]he policy limits of any and all Underlying Insurance have been exhausted by payment of judgments or settlements."

The Florida Supreme Court construes insurance contracts "according to their plain meaning." *Penzer v. Transp. Ins. Co.*, 29 So. 3d 1000, 1005 (Fla. 2010).  When an insurance contract includes relevant language that is not defined by the policy, "the first step towards discerning the plain meaning of the phrase is to consult references that are commonly relied upon to supply the accepted

---

[3] The parties agree that the Lehmans exhausted the $200,000 policy limit for the Mapfre policy.

meaning of the words," such as dictionaries. *See id.* (alterations adopted) (quotation omitted).

The RLI policy does not define the term "exhaust." So we must, as the Florida Supreme Court would, look to dictionary definitions of "exhaust" to derive the plain meaning of that term. *Id.* "Exhaust" ordinarily denotes the *total* use or consumption of an object. *Exhaust, Webster's Second International Dictionary* ("To empty by drawing or letting out the contents, as a well or *a treasury*") (1961) (emphasis added); *Exhaust, Webster's Third New International Dictionary* (1993) ("[T]o use up the whole supply or store of: expend or consume entirely."); *Exhaustion, Black's Law Dictionary* (12th ed. 2024) ("The act of consuming something until nothing is left. . . . The pursuit of options until none remain.")

So pursuant to the plain meaning of "exhaust," RLI's excess coverage kicks in only after "[t]he policy limits of [the Philadelphia policy] have been [fully consumed] by payment of judgments or settlements." The policy limits of the Philadelphia policy were $500,000. And the Lehmans received just $50,001 from Philadelphia, which is $449,999 shy of the policy limits, thus failing to satisfy the RLI policy's exhaustion requirement.

The Lehmans resist our conclusion and urge us to rely on *Reliance Insurance Co. v. Transamerica Insurance Co.*, 826 So. 2d 998 (Fla. 3d DCA 2001), a case where Florida's Third District Court of Appeal interpreted an umbrella policy exhaustion clause. The *Reliance* court held that an insured party exhausted its underlying insurance policy when it settled with its underlying insurance

carrier for less than the policy's limit. *Id*. at 999–1000. But *Reliance* does not dictate this case for two reasons. First, the exhaustion clause at issue in *Reliance* was materially distinguishable from the exhaustion clause here because it required the insured to exhaust "all primary insurance" but made no reference to exhausting the underlying policy *limits* like the RLI policy does. *Id*. at 999. Second, *Reliance* did not discuss the plain meaning of the term "exhaust," whether the policy at issue defined "exhaust," or any dictionary definitions of "exhaust." So there is a "persuasive indication" that the Florida Supreme Court would depart from *Reliance* in interpreting the RLI policy. *See Winn-Dixie Stores*, 746 F.3d at 1025 (quoting *Studstill*, 806 F.2d at 1007).

Accordingly, we hold that under Florida law the Lehmans did not satisfy the RLI policy's exhaustion clause through their settlement with Philadelphia.

## IV.    Conclusion

Because the Lehmans did not exhaust their underlying policy's limits, RLI is entitled to judgment as a matter of law, and the district court erred in granting the Lehmans summary judgment. Accordingly, we vacate and remand with instructions to enter summary judgment in RLI's favor.

**VACATED and REMANDED.**